LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA 85036
(602) 271-7700

Alicyn M. Freeman (023916)
amf@bowwlaw.com
Robert T. Sullivan (022719)
rts@bowwlaw.com
Minute Entries/Orders
cjg@bowwlaw.com

*Attorneys for Defendant Employers Mutual
Casualty Company dba EMC Insurance Companies*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Raygarr, LLC, an Arizona limited liability company, | Case No. 4:18-cv-00246-RM |
| Plaintiff, | **MOTION TO EXTEND TIME FOR DEFENDANT'S DAMAGES' EXPERT DISCLOSURE** |
| v. | |
| Employers Mutual Casualty Company dba EMC Insurance Companies, a foreign corporation, | |
| Defendant. | (Honorable Rosemary Marquez) |

Defendant Employers Mutual Casualty Company dba EMC Insurance Companies ("Defendant") hereby submits this Motion to Extend time for Defendant's Damages' Expert Disclosure. Defendant's request is based on the following: (1) Raygarr L.L.C. (hereinafter "Plaintiff" or "Raygarr") has not disclosed the native QuickBooks accounting data utilized by Plaintiff's expert in rendering Plaintiff's damages' expert opinion; (2) additional categories of information are required to evaluate Plaintiff's damages' claim which have been requested in the Defendant's Second Request for Production to Plaintiff (attached as Exhibit A); and (3)

1    Plaintiff has not disclosed the disclosure statements, discovery responses and depositions

2    from the underlying case, *Raytheon Company v. Raygarr, LLC, et al.*, Pima County Superior

3    Court No. C20160590 ("*Raytheon v. Raygarr*"). All of this information is relevant to

4    Plaintiff's claim regarding the expenses allegedly incurred as a result of the September 9,

5    2004 water loss at issue in this case, including Plaintiff's claim that Raygarr has incurred

6    annual lost profits of $107,762.00 every year since 2014. All of this information is also

7    necessary for Defendant's damages' expert opinion.

8        Plaintiff's claims against Defendant arise from a September 9, 2014 water loss at

9    Raytheon Building 842. The evening of September 8, 2014, Raytheon employees discovered

10   a PVC cap had failed that had been installed by Qualified Mechanical Contractors on a

11   copper-threaded male adapter inside the men's bathroom being remodeled. Raytheon fixed

12   the cap. However, during the night of September 8, 2014 and morning of September 9, 2014,

13   other caps broke, causing an extensive water leak. Raytheon contracted with Plaintiff as the

14   general contractor for renovations to the building. Plaintiff contracted with Qualified

15   Mechanical Contractors to perform the plumbing renovations.

16       On February 5, 2016, Raytheon filed suit against Plaintiff for breach of contract and

17   negligence, among other claims in Pima County Superior Court, case no. C20160590

18   (*Raytheon v. Raygarr*). Plaintiff filed a counterclaim against Raytheon for breach of contract,

19   negligent misrepresentation and other claims. See Plaintiff's Counterclaim in C20160590

20   attached hereto as Exhibit B. To support Plaintiff's damages' claim against Raytheon in

21   *Raytheon v. Raygarr*, Plaintiff produced an expert report from Keegan, Linscott & Kenon, PC

22   dated February 15, 2017 (the "Linscott Report"). See Linscott Report attached hereto as

23   Exhibit C. *Raytheon v. Raygarr* was resolved by settlement.

24       The same Linscott Report was produced in this case on October 15, 2018, to support

25   the damages' claim asserted by Plaintiff against Defendant. Because Plaintiff is claiming the

26   same damages in this case against Defendant as it claimed in *Raytheon v. Raygarr* in its

counterclaims against Raytheon, the disclosure, discovery and deposition transcripts in *Raytheon v. Raygarr* are relevant.  The Linscott Expert Report states that:  "based on our analysis of information provided it is our opinion Raygarr incurred annual lost profits of $107,762 commencing on September 9, 2014 through its remaining corporate existence."  See Linscott Report attached hereto as Exhibit C.  The Linscott Report also states that "we reviewed the QuickBooks accounting records of Raygarr for 2013" in forming the opinions in the Linscott Report.  Not only are Raygarr's 2013 QuickBooks records relevant to their damages' claim, but the accounting records from the inception of the Company (which appears to be 2007 from the Arizona Corporation Commission Records) are directly relevant to Raygarr's claims that the actions of Defendant caused incurred lost profits of $107,762.00 every year since 2014.

Since undersigned counsel took over the representation of Raygarr in this case on October 12, 2018, undersigned counsel has diligently tried to obtain the missing information necessary for a damages' expert opinion.  Undersigned counsel requested an expert extension from Plaintiff on October 18, 2018.  See October 18, 2018 email correspondence attached hereto as Exhibit D.  Plaintiffs did not agree to an extension for Defendant's expert disclosure past November 21, 2018.  On November 9, 2018, undersigned counsel requested an extension of Defendant's damages' expert disclosure deadline, only, and requested a copy of the *Raytheon v. Raygarr* case file and Plaintiff's accounting information in its original form, i.e. QuickBooks.  See November 9, 2018 email correspondence attached hereto as Exhibit E.  Plaintiff's counsel for did not respond to this request.  As a result, Defendant issued its Second Request for Production to Plaintiff (attached as Exhibit A) on November 14, 2018, with email correspondence requesting that Plaintiff stipulate to an extension.  See November 14, 2018 email correspondence attached hereto as Exhibit F.  Undersigned counsel followed up with a telephone call to Plaintiff's counsel on November 16, 2018.  Plaintiff's counsel responded

declining to grant any additional extension to Defendant's damages expert disclosure deadline.

The information requested by Defendant is relevant to Plaintiff's damages claims and is necessary for Defendant's forensic accounting expert, Michael Haugen, to render an opinion regarding Plaintiff's lost profits and damages' claim. Defendant therefore requests an extension to provide its damages expert disclosure until January 16, 2019, which is thirty days after Plaintiff's Response to the Second Requests for Production is due.

DATED this 19th day of November, 2018.

BROENING OBERG WOODS & WILSON, P.C.

By: /s/ Alicyn M. Freeman
Alicyn M. Freeman
Robert T. Sullivan
Post Office Box 20527
Phoenix, Arizona 85036
*Attorneys for Defendant Employers Mutual Casualty Company dba EMC Insurance Companies*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I certify that on November 19th, 2018, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Melvin C. Cohen
> Patrick J. Lopez
> MESCH CLARK ROTHSCHILD
> 259 North Meyer Avenue
> Tucson, Arizona 85701
> mcohen@mcrazlaw.com
> plopez@mcrazlaw.com
> *Attorneys for Plaintiff*

By: */s/ Suzanne Beard*